Jesús Díaz Ortiz, Plaintiff and Appellee, *v.* Baudilio Ayala, Defendant and Appellant.

No. 9646.   Argued May 3, 1948.—Decided June 15, 1948.

*A. L. López* for appellant.   *L. Torruella Méndez* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The lower court granted a complaint in an action for damages for libel and slander and ordered the defendant to pay to the plaintiff the amount of $200 plus costs and $100 for attorney's fees.   The defendant appealed and alleges that

the court erred in deciding that the complaint adduces facts sufficient to constitute a cause of action; in ordering the striking of the second paragraph of the special defenses alleged by the defendant; in weighing the evidence; and in ordering the defendant to pay costs and attorney's fees.

It was alleged in the complaint, in brief, that plaintiff Jesús Díaz Ortiz was a sharecropper of the defendant Baudilio Ayala in a farm in the Ward Cagüitas of Aguas Buenas; that on February 23, 1943 the defendant came to plaintiff's house and asked: "Is that thief here?"; that Dolores Díaz answered by asking to whom he referred and the defendant then answered: "I am referring to your father who thinks this farm is his and is stealing everything I have here, just yesterday he took the coconuts off a palm tree; and you can tell your father that if he does not get out of here I shall take him into court to prove that he is nothing but a thief"; that while this took place a crowd assembled to find out what was happening; that next day plaintiff was arrested by an insular policeman for the alleged offense of petit larceny and was taken to the Municipal Court of Aguas Buenas where he remained until bailed out; that plaintiff was prosecuted for the offense of petit larceny because he had stolen four coconuts from defendant's property; that at the request of the defendant, Attorney Antonio L. López was appointed special prosecuting attorney to represent the People of Puerto Rico at the hearing of the criminal case against plaintiff; that during the trial the defendant testified that plaintiff had stolen four coconuts from his farm, stating in a vociferous voice: "He stole the coconuts"; that plaintiff did not present any evidence in his favor and was acquitted of the offense charged; that the charge of larceny made by the defendant against the plaintiff on February 23, 1943 in the Ward Cagüitas of Aguas Buenas, and on September 7, 1943 in open court, and the fact that he was subjected to a shameful imprisonment, has caused considerable damages to plaintiff's reputation which he describes and estimates in $3,000.

■ A slight examination of the complaint suffices to show that the first error assigned lacks merit. Although it is true that the lower court in deciding the case on its merits erroneously applied our decisions in cases of malicious prosecution, this does not mean [1] that the complaint does not set up sufficient facts in an action based on the Act of February 19, 1902, which authorizes civil actions to recover damages for libel and slander. In his brief appellant cites Act No. 49 of March 9, 1911, to define and punish the crime of slander, and he contends that the complaint does not comply with the requirements provided by this Act. Appellant is wrong. The civil action is independent of the criminal action and besides, according to the two Acts mentioned above, the allegations required in a complaint or information for the crime of slander are not necessarily the same as those required in a complaint for damages for libel and slander. *Cf. Díaz* v. *P. R. Ry., Lt. & P. Co.,* 63 P.R.R. 776.

■ Section 3 of the Act of 1902, *supra,* in part provides that ''Slander is *a false and unprivileged publication* other than libel, which imputes to any person the commission of a crime. . . .'' In the complaint it is alleged that the defendant publicly charged the plaintiff that he was a thief, that he was stealing in his farm and specifically mentioned some coconuts. Irrespective of other allegations these facts are sufficient to constitute the alleged cause of action.

■ The first error assigned was not committed nor the second inasmuch as appellant merely sets it forth, and in a short paragraph states that malice is an essential element of this action. Assuming, without deciding, as we did in *Díaz* v. *P. R. Ry Lt. & P. Co., supra,* page 780, that malice is such a requisite, in the case at bar, like in the cited case, the statements made by the defendant against the plaintiff, as they appear in the complaint, are defamatory *per se. Casanova* v. *González Padín Co.,* 47 P.R.R. 461; *Mulero* v. *Martínez,* 58

---

[1] The appeal is taken from the judgment and not from the reasonings of the opinion of the court.

P.R.R. 322; *Méndez* v. *Kraidman,* 63 P.R.R. 281; *Díaz* v. *P. R. Ry. Lt. & P. Co., supra.* Even assuming that the court erred in ordering the striking of a paragraph from the special defense set up by the defendant in his answer to the effect that he never had animosity against the plaintiff and that he pleaded with Attorney Antonio L. López not to prosecute him in another case of larceny of some wires, this error was not prejudicial, inasmuch as at the trial the court permitted defendant's attorney to examine plaintiff on said incident.

■ The appellant alleges in his third assignment that the court erred in weighing the evidence and that he showed partiality in not considering or applying defendant's evidence.

We have carefully examined all the evidence introduced by both parties and we are of the opinion that that for the appellee, which was believed by the court, is sufficient to support the judgment. It not only showed that the defendant called plaintiff a thief accusing him of having stolen some coconuts, but that he directly took part in his arrest and prosecution for the offense of petit larceny, in which he was acquitted.[2]

■■ Lastly, the appellant complains of the imposition of costs and attorney's fees. The error likewise lacks merit. Section 7 of the Act of 1902, *supra,* provides, in part, that "If there be a judgment in favor of the plaintiff, the judgment shall include costs and reasonable attorney's fees, to be assessed by the court. . . ." We do not believe the pronouncement of $100 for attorney's fees to be unreasonable, even in view of the small amount granted as compensation.

Judgment is affirmed.

Mr. Justice De Jesús did not participate herein.

---

[2] It was undoubtedly this phase of the case that induced the lower court to treat in part the case as one of malicious prosecution.